[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, # 106
This memorandum of decision addresses the plaintiff's motion for summary judgment on counts one through five of her ten-count complaint alleging violations of the Connecticut Uniform Securities Act ("CUSA"), General Statutes §§ 36b-2 through 36b-33. The gravamen of her allegations is that the defendants, operating as her financial consultants, advised her to cash in certain annuities she owned worth almost one-quarter million dollars and invest the proceeds in two fraudulent and worthless "securities schemes" (Pls. Mem. Summ. J. Suppl. at 1.) The complaint further alleges that in doing so the defendants violated various provisions of CUSA. As the defendants do not contest CT Page 11454 summary judgment against Bruce Harlan on the first and second counts of the complaint,[1] the court grants the motion for summary judgment against him on those two counts. For the reasons stated below, the court denies the motion for summary judgment as to the remaining three counts.
A court will grant summary judgment if, viewing the evidence in the light most favorably to the non-moving party; Elliot v. Waterbury,245 Conn. 385, 391, 715 A.2d 27 (1998); there is no genuine issue of material fact and the moving party would be entitled to a directed verdict on those facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982). A material fact is one that will make difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. New BritainGeneral Hospital, 239 Conn. 574, 582, 687 A.2d 111 (1996). "[Al party opposing summary judgment[, however,] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted; internal quotation marks omitted.) Water Way Properties v.Colt's Manufacturing Co., Inc., 230 Conn. 660, 664-65, 646 A.2d 143
(1994). Summary judgment shall be rendered forthwith "if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49.
COUNTS THREE AND FOUR
Each of the first four counts alleges virtually the same set of facts:
 • The defendants advised the plaintiff to cash in her former annuities and invest in fraudulent and worthless securities issued by Sebastian International Enterprises, Inc. ("Sebastian") (counts one and two) and World Vision Entertainment, Inc. ("World Vision") (counts three and four);
 • In doing so they failed to state certain material facts that were necessary in order to make other statements they made not misleading;
 • They failed to register as a broker-dealer or investment advisor as required under CUSA; CT Page 11455
 • They failed to comply with certain statutory obligations required under CUSA of a broker-dealer (counts one and two) or an investment advisor (counts three and four) recommending securities;
 • The securities the plaintiff purchased were unregistered in violation of CUSA; and
 • These acts and omissions make the defendants liable to the plaintiff under § 36b-29 (a) for direct and accessorial liability for the consideration the plaintiff paid for those securities, along with interest, costs and reasonable attorneys fees.[2]
The sole differences among the four counts are that counts one and two allege the defendants acted as unregistered brokers and counts three and four allege they functioned as unregistered investment advisors in connection with advising the plaintiff to purchase the allegedly fraudulent, worthless, and unregistered Sebastian (counts one and three) and World Vision (counts two and four) securities.[3]
The defendant has conceded his liability on summary judgment on the first two counts for serving as an unregistered "broker-dealer" in selling the fraudulent and worthless without stating material facts necessary to make other statements made not misleading. At oral argument on the present motion, however, he opposed summary judgment on the third and fourth counts because there was no indication he served as an "investment advisor." As defined by § 36b-3 (10), an "`[i]nvestment adviser' means any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or who, for compensation and as a part of a regular business, issues or promulgates analyses or reports concerning securities."
The plaintiff's affidavits and other evidence submitted on summary judgment certainly establish that the defendant Bruce Harlan engaged in the business of advising the plaintiff as to the value of securities and advised her to purchase and sell securities. There is no admissible evidence offered, however, that he did so "for compensation" other than her statement in an affidavit that "Defendants . . . directly or indirectly received compensation or other remuneration for advising me as to the value of the notes and their sale." Such a conclusory allegation has no evidentiary value. It shows neither personal knowledge of the CT Page 11456 facts asserted nor how or where she might have obtained such information.
 A party's conclusory statements, in the affidavit and elsewhere, may not constitute evidence sufficient to establish the existence of disputed material facts. Gupta v. New Britain General Hospital, 239 Conn. 574, 583, 687 A.2d 111 (1996). It similarly follows that a party's conclusory statement in an affidavit may not constitute evidence sufficient to establish that there is no genuine issue of material fact. Schafer Assoc. Lawrence RLT. v. Program Managers, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 395158 (September 8, 1997, Zoarski, J.).
Champaigne v. Scarso, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348470 (January 27, 1999, Melville, J.) (24 Conn. L. Rptr. 138).
"Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Peerless Insurance Co. v.Gonzalez, 241 Conn. 476, 481, 697 A.2d 680 (1997). In accordance with this rule, Connecticut courts have "consistently ruled that affidavits not based on personal knowledge, containing hearsay, or otherwise based on inadmissible evidence are insufficient to oppose a motion for summary judgment." Harp v. King, Superior Court, judicial district of New Haven at New Haven, Docket No. 392107 (February 25, 2000, Devlin, J.); see alsoAssociates Financial Services of America, Inc v. Sorensen,46 Conn. App. 721, 732-733, 700 A.2d 107 (1997), cert. granted,243 Conn. 944, 704 A.2d 798 (1997), appeal dismissed, 245 Conn. 168,710 A.2d 769 (1998) (an affiant's statement that he was "fully familiar with the facts and circumstances of case at bar" was held insufficient to demonstrate personal knowledge because it failed to mention how or where he obtained such knowledge).
The plaintiff offers no other evidence on summary judgment to support or corroborate her allegation that the defendants received such compensation or to show any first-hand or other basis for her allegation. This is the classic conclusory allegation that, neither alone nor in conjunction with all the other materials offered by the plaintiff on summary judgment, contains any basis or reason to credit it. Whether the defendants received compensation is an element in establishing that they acted as investment advisors. As this issue is material and remains in dispute, the court must deny the plaintiff's motion summary judgment on the third and fourth counts. CT Page 11457
FIFTH COUNT
In the fifth count of the complaint the plaintiff seeks to establish the liability of the defendant Suzanne Harlan under the CUSA aiding and abetting provisions of General Statutes § 36b-29 (a)(2). That section creates liability for anyone who "materially assists" in a violation of the securities laws. The aiding and abetting provisions further require that a buyer suing for CUSA violations against someone for providing material assistance as an aider and abettor:
 must also meet a burden of production concerning the issue of whether the aider and abettor knew or should have known of the untruth or omission. If the buyer meets this burden of production, the burden of proof on this issue shifts, so that the aider and abettor then bears the burden of persuading the fact finder that it did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.
Connecticut National Bank v. Giacomi, 242 Conn. 17, 47, 699 A.2d 101 (1997) ("Giacomi II").
The plaintiff seeks to establish aiding and abetting liability for Suzanne Harlan because she listened to some telephone conversations between Bruce Harlan and the plaintiff, went with him to the plaintiff's house when the plaintiff signed certain of the documents involved here, and, when asked on that occasion by the plaintiff whether the investments were safe, said "they better be, we're investing in them too." While that statement would establish the material assistance necessary for accessorial liability under § 36b-29 (a)(2), nothing she said there or that plaintiff otherwise offers on its motion for summary judgment shows that she knew what she or her husband said was either false or misleadingly omitting material facts.
Under Giacomi II, the plaintiff has the burden of producing "some evidence relevant to the aider and abettor's knowledge of the untruth or omission before that issue gets to the fact finder." Id., 48, n. 34. As the court noted there, "[a] simple pleading of knowledge will not suffice" to satisfy that burden. Id. The plaintiff's allegation in her June 9, 2000 affidavit that Suzanne Harlan "knew or should have known" about false statements or misleading omissions is completely conclusory and offers no factual basis for crediting it. Merely reiterating, without more, the statutory language of § 36b-29 (a)(2), it is equivalent to the conclusory allegation in a pleading that Giacomi II held insufficient to meet a plaintiff's burden of production. Accordingly, the plaintiff CT Page 11458 fails to meet her burden of production with regard to the defendant Suzanne Harlan's "knowledge of the untruth or omission." Id. As the material issue of Suzanne Harlan's scienter remains in dispute, the court must deny the plaintiff's motion for summary judgment on the fifth count of the complaint.
BY THE COURT
STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT